**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

BETSY TRAYWICK,
    Plaintiff,

vs.                                      Case No.: 3:07cv223/MCR/EMT

MICHAEL J. ASTRUE,
Commissioner of Social Security,
    Defendant.
_____/

**O R D E R**

      This cause comes on for consideration upon the magistrate judge's report and recommendation dated May 1, 2008. The parties have been furnished a copy of the report and recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). I have made a _de novo_ determination of any timely filed objections.

      Having considered the report and recommendation (doc. 23), and defendant's objection thereto timely filed (doc. 24), I have determined that the defendant's objection is well founded. The magistrate judge recommended that Plaintiff's Motion for Attorney Fees (doc. 20) be granted, with the granted attorney's fees awarded to plaintiff's counsel, Byron A. Lassiter, Esquire. Defendant notes in its objection, however, that the award of attorney's fees under the Equal Access to Justice Act (EAJA) is to the plaintiff, rather than the plaintiff's attorney. The Eleventh Circuit's recent holding in _Reeves v. Astrue_, 526 F.3d 732, 2008 WL 193 0587 *2 (11th Cir. 2008) confirms defendant's position. Costs are also to be awarded to the plaintiff rather than the plaintiff's attorney. _See_ 28 U.S.C. § 2412(d)(1)(A).

      Accordingly, it is now **ORDERED** as follows:

    1. The defendant's objection (doc. 24) is granted.

    2. The magistrate judge's report and recommendation (doc. 23) is adopted and

incorporated by reference in this order with the exception that attorney's fees be awarded to plaintiff rather than plaintiff's counsel.  Costs are also awarded to plaintiff.

      3.  Plaintiff Betsy Traywick is entitled to recover fees and expenses in the amount of $2,514.53 for her attorney's fees pursuant to 28 U.S.C. § 2412 (EAJA); the amount of attorney's fees and hourly rates requested under the EAJA are reasonable; and the Commissioner is directed to pay plaintiff that amount.  Costs in the amount of $350.00 are also awarded to plaintiff, to be paid from the Judgment Fund of the United States Treasury.

      **DONE AND ORDERED** this 19th day of June 2008.


                s/ *M. Casey Rodgers*
            **M. CASEY RODGERS**
            **UNITED STATES DISTRICT JUDGE**